## Pile, Appellant, v. Prizer.

*Contract—Purchase of mortgages—Bond of guaranty—Warrant of attorney.*

Where a person in purchasing a mortgage stipulates for a personal guaranty bond of the owners in addition to the ordinary bond of the mortgagor, the purchaser cannot demand that the guaranty bond shall contain a warrant to confess judgment where the agreement does not provide for such warrant, and there is nothing to show the existence of any custom in the community requiring that a warrant of attorney for the confession of judgment shall accompany a bond of guaranty.

Argued Jan. 19, 1909.    Appeal, No. 337, Jan. T., 1908, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1906, No. 4,392, on verdict for defendant in case of Charles H. Pile v. Elmer T. Prizer.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for breach of contract.

At the trial the jury under binding instructions returned a verdict for defendant.

The court subsequently refused a new trial, AUDENRIED, J., filing the following opinion:

The second reason urged by the plaintiff in support of his motion for a new trial is that the verdict was rendered in favor of the defendant by direction of the trial judge. The essential facts that the plaintiff's evidence tended to establish are as follows:

The defendant agreed to sell to plaintiff for $15,500 two second mortgages aggregating in amount $18,000. In this action the latter asks damages from the former, as compensation for an alleged breach of that contract. The mortgage debts in question were to be secured on certain pieces of ground on which the defendant and two other parties, Knox and Patterson, were engaged in erecting sundry houses. The completion of buildings was to be guaranteed to the plaintiff by the West Philadelphia Title and Trust Company, which was also to insure the title of the mortgaged land. The mortgages and bonds thereby secured were executed by a man of straw. When subsequently the financial sufficiency of this obligor was questioned by the plaintiff, it was agreed that he should receive, along with the assignment of mortgages, a bond executed by Prizer, Knox and Patterson, conditioned for the payment of the mortgage debts. So far as it appears, it was not contemplated that there should be attached to this bond a warrant of attorney authorizing the confession of judgment upon it. At least the testimony does not indicate that such a warrant was referred to in the negotiations of the parties, and there is no evidence to show that the custom of business in Philadelphia requires that a warrant of attorney for the confession of judgment shall accompany a bond of guaranty. At the time fixed for settlement in this matter, however, Henry G. Hart, acting for the plaintiff, demanded that Prizer, Knox and Patterson should execute and deliver with their bond, a warrant for the confession of judgment upon it. To this the representative of the West Philadelphia Title and Trust Company objected, unless the bond and warrant should be left in the possession of the company for delivery to the plaintiff only in the event of a breach of the condition of the bond. His objection was based on the ground that under the form of a warrant prepared a judgment might be confessed

immediately, even before the mortgage debts matured, and that the completion of the contemplated improvements on the mortgaged land might be rendered impossible through the effect that the entry of a judgment for so large a sum would have upon the credit of the builders. The defendant concurred in this objection and the settlement was postponed until the plaintiff could be consulted. When the question thus raised was laid before the plaintiff, he flatly refused to consent to the holding of the bond and warrant of Prizer, Knox and Patterson by the trust company, and declined to take the bond and mortgages that he had agreed to buy, unless the guaranty, with the accompanying warrant of attorney, were placed in his own hands. The defendant thereupon disposed of his second mortgage to another purchaser. Upon these facts we can say, without going into a discussion as to whether the contract sued upon is tainted with usury, and without deciding what might be the rights of the plaintiff, had the performance of the defendant's agreement been rendered impossible by the refusal of the West Philadelphia Title and Trust Company to issue its policy guaranteeing the completion of the proposed buildings, the plaintiff is not entitled to a recovery. His demand for a warrant of attorney from Prizer, Knox and Patterson, was an attempt to interject a new term into his contract with the defendant. The latter was not bound to accede to his request. The plaintiff had no right to predicate the payment of the money that he had agreed to give for the two mortgages, on the condition that he should have delivered to him the warrant of attorney that he demanded and his refusal to carry out his agreement, except on that condition, was a breach of contract on his part that left the defendant free to sell his mortgages where he pleased. Prizer was entitled to have the jury instructed to find in his favor, for this reason if for no other.

*Error assigned* was in giving binding instructions for defendant.

*E. Spencer Miller*, for appellant.

*Alex. Simpson,* with him *Francis Shunk Brown,* for appellee.

PER CURIAM, March 22, 1909:

The judgment is affirmed on Judge AUDENRIED's opinion.